-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WALTER SCOTT BROWN, 07A6855,

    Plaintiff,

-v-

P.A. BEN OAKES; DR. CANFIELD;
DR. LESTER WRIGHT;
Nurse Administrator FELKER;
C.O. LUPINSKI; Hearing Officer ABBIS;
WILLIAM HULIHAN, Superintendent;
BRIAN FICHER, Commissioner and
M. SHEAHAN, Deputy Superintendent;

    Defendants.

**DECISION AND ORDER**
09-CV-0996M



---

## **INTRODUCTION**

Plaintiff, Walter Scott Brown, an inmate of the Southport Correctional Facility at the time he filed this complaint, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1), has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 5) and has requested appointment of counsel (Docket # 6). Plaintiff claims that the defendants, P.A. Ben Oakes, Dr. Canfield, Dr. Lester Wright, Nurse Administrator Felker, C.O. Lupinski, Hearing Officer Abbis, Superintendent William Hulihan, Commissioner Brian Ficher and Deputy Superintendent M. Sheahan, violated his rights when he was not given adequate medical treatment for his back pains and

he was charged with, and convicted of, organizing a demonstration, which delayed his release. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis*.

As to plaintiff's motion for appointment of counsel, there is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice at this time.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); see also *Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson*, 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution

3

or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims are susceptible to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the remaining claims may go forward.

Plaintiff has stated in his first claim a claim for deliberate indifference to a serious medical need that is sufficient to proceed at this stage. However, before his second claim, the First Amendment claim, can proceed, another issue must be addressed. In addition to the time in which plaintiff spent in SHU and attendant sanctions, plaintiff lost good time credits, which impacts the overall length of confinement. It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Heck v. Humphrey*, 512 U.S. 477 (1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition). Furthermore, in *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court "made clear that *Heck's* favorable termination rule applies to challenges made under § 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good-time credits." *Peralta v. Vasquez,* 467 F.3d 98, 103 (2d Cir. 2006) (citing and

4

discussing *Edwards,* 520 U.S. 641). *Heck's* requirement of a favorable termination, however, does not preclude a § 1983 claim challenging sanctions that do not affect the overall length of confinement. *See Muhammad v. Close,* 540 U.S. 749, 754 (2004); *Jenkins v. Haubert,* 179 F.3d 19, 21 (2d Cir.1999).

In *Peralta,* the Second Circuit addressed the impact of the Heck requirement on claims that challenge "mixed sanctions" (some affecting the overall length of confinement and others that do not), and held that:

> a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.* In other words, the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit.

*Peralta,* 467 F.3d at 104 (emphasis in original). Therefore, the matter was remanded to the District Court to determine "whether Peralta had 'formally agreed, or [was] then willing, to waive all his potential claims with respect to the sanctions affecting the duration of his imprisonment arising out of the proceeding he [was] currently challenging,' and, if such a waiver resulted, to allow him 'to proceed separately with his challenge under § 1983 to the sanctions affecting the conditions of his confinement.'" *Id.* at 106.

This Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn,* 32

5

F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Before plaintiff's First Amendment claim may go forward, he must respond to this Order by **May 10, 2010** either withdrawing the claims challenging all of the sanctions imposed due to his disciplinary conviction or providing the Court with a waiver *forgoing once and for all any challenge to any sanctions that affect the duration of his confinement.*

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, the motion for appointment of counsel is denied without prejudice and several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **May 10, 2010** in which he includes the necessary allegations regarding the disciplinary conviction First Amendment claims as directed above.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls*

Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

If plaintiff fails to file an amended complaint as directed, the disciplinary conviction First Amendment claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and service of the remaining claims on defendants Oakes, Canfield, Wright and, Felker is directed.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed in forma pauperis is granted;

FURTHER, that the motion for appointment of counsel is denied without prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint only as directed above[1] by **May 10, 2010**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

---

[1] Plaintiff is reminded that he must also include in this amended complaint his medical claims; because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they are not preserved for service on the defendants.

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **May 10, 2010**, the claims regarding the disciplinary charge are dismissed without prejudice without further order of the Court and the Clerk of the Court shall terminate defendants Lupinski, Abbis, Hulihan and Fischer as parties to this action;

FURTHER, that in the event plaintiff has failed to file an amended complaint by **May 10, 2010**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants Oakes, Canfield, Wright and Felker, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT COURT

Dated: April 12, 2010